# UNITED STATES DISTRICT COURT

### for the

### Southern District of Illinois

BENARD MCKINLEY _____ )
_____ )
_____ )
_____ )
*Plaintiff/Petitioner(s)* )
Micheal Atchison, Kimberly Butler, )
Richard Harrington, Jared phillips, )
Rebecca creason, Betsy Spiller, Michael )
Hoe, Cameron Watson, Joshua Schoenbeck )
Keven Reichert, Frank Lawrence, Alex Jones, )
Bryon Kuder, Jeanette Cowan, Shelly )
Franklin   *Defendant/Respondent(s)* )

Case Number: 16-661-MJR-SCW
(Clerk's Office will provide)

☒ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act,
28 U.S.C. §§1346, 2671-2680, or other law

## SECOND AMENDED COMPLAINT

I.   JURISDICTION

Plaintiff:

A.   Plaintiff's mailing address, register number, and present place of
confinement.   BENARD MCKINLEY # R30033
Stateville correctional center
P.O. Box 112
Joilet, Illinois. 60434

Defendant #1:

B.   Defendant   MICHEAL ATCHISON   is employed as
(a)      (Name of First Defendant)

UNKNOWN
(b)      (Position/Title)

with   UNKNOWN
(c)      (Employer's Name and Address)

_____

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: Michael Atchison WAS menard
correctional center warden IN october 2012

**Defendant #2:**

C.     Defendant   Kimberly    Butler                        is employed as

(Name of Second Defendant)

(was) menard correctional center warden

(Position/Title)

with     Illnois Department of Corrections

(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain: She was the head warden
at menard correctional center

(current Address unknown at this time)

**Additional Defendant(s) (if any):**

D.     Using the outline set forth above, identify any additional Defendant(s).

Defendant Richard Harrington was employed as menard correctional
center warden, with Illnois Department of Corrections. (current
Address unknown at this time).
      At the time the claim alleged in this complaint arose, defendant
#3 was employed by the State, local, or federal government. Because
he was the warden at menard correctional center.

E. Defendant Betsy spiller was employed as menard correctional
center counselor for inmates, with Illnois department of corrections.
      At the time the claim alleged in this complaint arose, defendant #4
was employed by the State, local, or federal government. Because she
was the Inmate counselor at menard correctional center
                  (current Address unknown at this time)

F. Defendant Joshua Schoenbeck is employed as menard Correctional center lieutenant, with the Illinois Department of Corrections. menard Correctional center, 711 Kaskaskia Street, p.o. Box 1000, menard, Illinois. 62259.

At the time the claims alleged in this complaint arose defendant #5 was employed by the State, local, or federal government, because he was the Intelligence officer at menard correctional center, and part of menard correctional center Administrative detention review committee.

G. Defendant Jared Phillips is employed as menard correctional center officer, with the Illinois Department of Corrections. menard correctional center 711 Kaskaskia street, p.o. Box 1000, menard, Illinois. 62259

A the time the claims alleged in this complaint arose defendant #6 was employed by the State, local, or federal government, because he was the correctional officer at menard correctional center, and part of menard correctional center Administrative detention review committee.

H. Defendant Rebecca Creason is employed as menard correctional center mental health doctor, with the Illinois Department of Corrections, menard correctional center, 711 Kaskaskia Street, p.o. Box 1000, menard, Illinois. 62259.

At the time the claim alleged in this complaint arose defendant #7 was employed by the State, local or federal government, because she was the menard correctional center mental health doctor, and part of menard correctional center Administrative detention review committee.

I. Defendant Cameron Watson is employed as menard correctional center warden of operations, with the Illinois Department of Corrections, menard correctional center, 711 Kaskaskia Street, p.o. Box 1000, menard Illinois. 62259

At the time the claim alleged in this complaint arose defendant #8 was employed by the State, local or federal government, because he was the menard correctional center warden of operations, and part of menard Correctional center Administrative detention review committee.

J. Defendant <u>Michael Hof</u> is employed as menard correctional center Intelligence officer, with the Illinois Department of corrections, menard correctional center 711 Kaskaskia Street, p.o. Box 1000, menard, Illinois. 62259.
At the time the claims alleged in this complaint arose defendant #9 was employed by the State, local, or Federal government, because he WAS the Intelligence officer at menard correctional center, and part of menard Correctional center administrative detention review committee.

K. Defendant <u>Kevin Reichert</u> is employed as District 6 Intelligence Officer with the Illinois Department of Corrections, Address Unknown.
At the time the claim alleged in this complaint arose defendant #10 WAS employed by the State, local, or Federal government, because he WAS District 6 Intelligence officer for the Illinois Department of corrections, and part of menard correctional center Administrative detention review committee during the April 25, 2014 review Hearing.

L. Defendant <u>Frank Lawrence</u> is employed as menard Correctional center Inmate counselor, with the Illinois Department of corrections, menard correctional center, 711 Kaskaskia street, p.o. Box 1000, menard, Illinois. 62259
At the time the claim alleged in this complaint arose defendant #11 WAS employed by the State, local, or Federal government, because he WAS menard correctional center Inmate counselor, and part of the menard Administrative detention review committee during the April 25, 2014 review Hearing.

M. Defendant <u>Alex Jones</u> place of employment is unknown at this time.
At the time the claim alleged in this complaint arose defendant #12 WAS employed by the State, local, or Federal government, because he WAS menard correctional center warden of operations and part of the menard Administrative detention review committee during the January 25, 2014 review hearing.

N. Defendant <u>Bryan Kuder</u> place of employment is unknown at this time.
At the time the claim alleged in this complaint arose defendant #13 was employed by the State, local, or Federal government, because he WAS part of the menard Administrative detention review committee at menard correctional center during the September 9, 2015 review hearing.

O. Defendant <u>Jeanette Cowan</u> Place of employment is unknown at this time.

At the time the claim alleged in this complaint arose defendant #14 was employed by the state, local, or federal government, because she was part of the menard administrative detention review committee at menard correctional center during the September 9, 2015 Review hearing.

P. Defendant <u>Shelly Franklin</u> Place of employment is unknown at this time.

At the time the claim alleged in this complaint arose defendant #15 was employed by the State, local, or federal government, because he was part of the menard Administrative detention review committee at menard correctional center during the September 9, 2015 review Hearing.

II.    **PREVIOUS LAWSUITS**

A.    Have you begun any other lawsuits in state or federal court relating to
your imprisonment?                                                   ☒ Yes    ☐ No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If
there is more than one lawsuit, you must describe the additional lawsuits
on another sheet of paper using the same outline.  <u>Failure to comply with
this provision may result in summary denial of your complaint</u>.

1.    Parties to previous lawsuits:
Plaintiff(s): Benard McKinley

Defendant(s): Kimberly Butter

2.    Court (if federal court, name of the district; if state court, name of
the county): Northern District Federal court

3.    Docket number: 11 - cv - 4190

4.    Name of Judge to whom case was assigned: John J. Tharp JR.

5.    Type of case (for example: Was it a habeas corpus or civil rights
action?): Habeas corpus

6.    Disposition of case (for example: Was the case dismissed?  Was it
appealed?  Is it still pending?): It was remanded back to
district court after the Seven Circuit Appeal court decision
and is now still pending

7.    Approximate date of filing lawsuit: 2011

8.    Approximate date of disposition: Still pending

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ _____ pages
date        initials    No.

C.

   1. parties to previous lawsuits:

      plaintiff: Benard Mckinley

       Defendant: Aimee Lang

   2. court : Southern district Federal court

   3. Docket Number: 13-937

   4. Name of Judge to whom case was assigned: Stephen C. Williams

   5. Type of case: Section 1983 Civil Rights complaint

   6. Disposition of case: Still pending.

   7. Approximate date of filing lawsuit: September 2013

   8. Approximate date of disposition: Still pending

D. 1. parties to previous lawsuits:

   plaintiff: Benard Mckinley
   Defendants: Lance Phelps, Chad Hasemeyer, Joshua Schoenbeck, Jacquiline
   Lashbrook

   2. court: Southern district Federal court

   3. Docket number: 14-1137

   4. Name of Judge to whom case was assigned: Nancy J. Rosenstengel

   5. Type of case: Section 1983 Civil Rights complaint

   6. Disposition of case: Still pending.

   7. Approximate date of filing lawsuit: May 2014

   8. Approximate date of disposition: Still pending \ october 2016

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ _____ pages
    date        initials   No.

III.   **GRIEVANCE PROCEDURE**

A.   Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☒ Yes   ☐ No

C.   If your answer is YES,
1.   What steps did you take? I First sent it to the couselor, then to the grievance officer and warden, and lastly to the Administrative Review board,

2.   What was the result? They all denied my grievances on their merits.

D.   If your answer is NO, explain why not.
     N/A

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?   N/A   ☐ Yes   ☐ No

F.   If your answer is YES,
1.   What steps did you take?
     N/A

2.   What was the result?
     N/A

G.   If your answer is NO, explain why not.
     N/A

H.   Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not.
     N/A

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ _____ pages
   date        Initials   No.

(Rev. 7/2010)                              8 OF 38

IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

COUNT ONE: Fourteenth Amendment claim against Defendants, Jeanette Cowan, Michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, Rebecca Creason, Betsy Spiller, Michael Hof, Cameron Watson, Jared Phillips, Kevin Reichert, Frank Lawrence, Alex Jones, Bryan Kuder and Shelly Franklin, for depriving McKinley of a protected liberty interest without due process of law in connection with his placement in Administrative detention at menard For 1,096 or more days in 2012-15.
          (See Attached Support Facts and memorandum of law in Support)

COUNT TWO: First Amend retaliation claim against Defendants Michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, Michael Hof, Rebecca Creason, Cameron Watson, Betsy Spiller, Jared Phillips, Kevin Reichert, Frank Lawrence, Alex Jones, Bryan Kuder and Shelly Franklin, Jeanette Cowan, for holding McKinley in Administrative detention at menard correctional center for 1,096 or more days because he exercise Free Speech by saying he lacked Knowledge to menard Internal affair and Intelligence officers questions during their Interrogations, and Refusal to become an Informant.
          (See Attached Supporting Facts and memorandum of law in Support)

COUNT THREE: Eighth Amendment claim against defendants Michael Atchison, Richard Harrington, Kimberly Butler, Cameron Watson, Betsy Spiller, Rebecca Creason, Michael Hof, Jared Phillips, Kevin Reichert, Frank Lawrence, Alex Jones, Bryan Kuder, Shelly Franklin, and Jeanette Cowan for Subjecting McKinley to unconstitutional conditions of confinement in Administrative detention at menard For 1,096 or more days In 2012-15.
          (See Attached Supporting Facts and memorandum of law in Support)

V.     REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

See Attached Supporting Facts and memorandum of law that list all requested relief Plaintiff has requested in its entirety.

VI.    JURY DEMAND *(check one box below)*

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: July 5, 2017
                (date)

P.O. Box 112
Street Address

Jollet, Illinois 60434
City, State, Zip

_Benard McKinley_
Signature of Plaintiff

BENARD MCKINLEY
Printed Name

R30033
Prisoner Register Number

Signature of Attorney (if any)

<u>Supporting Facts, And Memorandum of Law</u>

<u>COUNT ONE:</u> Fourteenth Amendment claim Against Defendants' Michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, Rebecca Creason, Betsy Spiller, <u>michael Hof</u>, <u>Cameron watson</u>, Jared Phillips, <u>Kevin Reichert</u>, <u>Frank lawrence</u>, <u>Alex Jones</u>, <u>Bryan Kuder</u>, <u>Jeanette cowan</u>, <u>Shelly Franklin</u>, for depriving <u>mckinley</u> of a protected liberty intrest without due Process of law in connection with his placement in Administrative detention at menard for 1,096 or more days in 2012-15.

1) Mr. mckinley is 31 years old and is currently incarcerated at stateville correctional center, but from may 2004 up to January 13, 2016 mckinley was incarcerated at menard correctional center.

2) on october 25, 2012 mckinley was put in menard correctional center administrative detention by warden micheal Atchison, and Joshua Schoenbeck with out any pre deprivation hearing. mckinley was taken to North Two Segregation unit and placed in phase I Administrative detention. mckinley remained in Administrative detention eventually progressing to phase III, for, 1,096 or more days until october 27, 2015.

3) Mr. mckinley did not recieve any notice prior to his placement in administrative detention. He was not given notice of the charges made against him or the factual basis giving rise to his placement. In fact, despite repeated request, mr. mckinley was never provided with a detail reason for his continued placement in administrative detention other than it was an administrative decision, and NON-grievable.

4) Mr. mckinley also never recieved a meaningful oppurtunity to Refute the charges against him. From october 25, 2012 up to July 2014 mckinley did not even recieve an informal or formal hearing. It was not untill July 2014 that even then an informal hearing was granted almost 20-21 months after his initial placement, it was a sham and inadequate Review because defendants Joshua Shoenbeck, <u>michael Hof</u>, Rebecca Creason, michael Atchison, Richard Harrington, Kimberly Butler, Jared Phillips, Betsy Spiller, <u>cameron watson</u>, <u>Kevin Reichert</u>, <u>Frank lawrence</u>, <u>Alex Jones</u>, <u>Bryan Kuder</u>, <u>Jeanette cowan</u>, <u>Shelly Franklin</u> continued to

withhold the Reasons for his continued Placement in Administrative detention. After the hearing, Mr. McKinley recieved a memorandum from Warden Kimberly Butler merely stating menard was keeping him in administrative detention. It did not contain any further detail or reasons for his continued Placement.

5) While in phase I, McKinley was treated the same as if he were in disciplinary segregation, even though Administrative detention is considered Non-disciplinary on paper only. McKinley even wore the Same Jumpsuit. At the initial start of the Administrative detention program every time McKinley had to leave his cell he was Stripped down Naked, hand cuffed and feet Shakled, making it barely possible for McKinley to walk while the Shackles cut into McKinley skin on his ankles. McKinley was only allowed out his cell to Visit a Small barren "yard" once per week for five hours. The "yard" consisted of a fenced in cage with a concrete ground. During his time in phase II and III, McKinley was only allowed yard twice a week for two and a half hours.

6) While in phase one McKinley was not allowed to purchase any Audio-visual products, and may be allowed to have his Audio-visual property returned after 60 days "if approved". McKinley went to commissary once per month for only a $15.00 dollar spending limit, No Food Items was permitted purchase. Law Library was limited to in cell, meals limited to in cell, No Telephone calls was permited, except legal, court ordered, and emergency. Visits was 2 a month for one hour Non contact.

7) While McKinley was in menard Administrative detention From october 25, 2012 to may 1, 2014 menard was running an Sham off the books Administrative detention behavorial phase program that was not Implemented or recognized by IDOC Administrative directives until may 1, 2014.

8) During McKinley initial placement in Administrative detention up to may 1, 2014 at menard he had no right to, or availability to Institutional Educational programs. Whereas, even after may 1, 2014 No Educational Programs existed. Whereas, general population Inmates had a wide variety of Educational programs to choose from.

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ _____ pages
date          initials    No.

9) McKinley was confined 24 hours for six straight days a week in a cell that had a steel door with a small chuck hole for passage of food trays and a thin narrow window so officers could do their count checks during rounds. Most cells in the segregation unit had metal boxes covering the windows. McKinley window faced the side of the prison and he could only see a huge tree blocking the view out the window, hindering any senory stimuli.

10) Menard Administrative detention segregation is an indefinite segregation placement. Where an inmate could stay in such segregation until the review committee determines to release him from such segregation or his actual conviction sentence for what he's incarcerated for expires first.

11) During McKinley placement in Administrative detention he was subjected to sham, farce and inadequate reviews that undoubtly carried stale, unreliable and unfounded justifications for his continued placement every 90 days. That carried on for numerous of reviews between October 2012 and October 2015.

12) McKinley cell at times was dark, cramped and unsanitary. McKinley was not given disinfectant, that was extremely watered-down until April 2014. McKinley was not given any other cleaning supplies. McKinley often saw bugs, cockroaches, and mice in his cell. The mice were so bad that many days McKinley had to try and plug the bottom of his cell door in an attempt to block the mice from coming into the cell, which did not work.

13) The worn down state of the window in McKinley cell forced him to try and stuff tissue in the cracks in effort to prevent winter and spring time temperatures from coming inside his cell, whereas the window also did not close completely because it was broken. In the summer his cell was extremely hot and there was no air circulation. At one point his cell became so hot and humid officers at menard was forced to open up the chuck hole to try to circulate the air, McKinley described his cell as a Hot Sonna.

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ _____ pages
date        initials   No.

14) Additionally, the heat in his cell didn't work properly. In the winter and spring time it was so cold in his cell that he frequently had to wear his coat to try to stay warm. At one point menerd officers had to even pass out plastic to cover the windows. Other times it was extremely cold that ice accumulated around the inside of his window from the lack of the window being able to completely close. For months at a time there was no hot water in his cell, where mckinley was forced to wash up in cold water, which he suffered from head colds as a result.

15) The food portions given to mckinley during his time in administrative detention were miniscule. mckinley describe them as portions for kids. mckinley was given potatoes for almost every meal. The food had no seasoning, and often flavorless or packed with dripping cooking grease that often messed up his stomach, giving him stomach aches. The vegetables that mckinley recieved were often over cooked, and the rice undercooked.

16) mckinley visits in administrative detention were frequently extremely limited in amount, duration, and quality. mckinley was allowed only two one hour visits per month, three one and a half hours visits per month in phase two, and 4 two hour visits per month in phase III, in which was initially three two hour visits per month in phase III when menerd was running their off the books Shem Phase program. All mckinley visits were "No contact", and mckinley was handcuffed and leg shackled. In contrast, inmates in general population were allowed contact visits for unlimit amounts of time. During these visits, general population inmates can use the vending machines and eat with their family without handcuffs and feet shackles on.

17) mckinley was not allowed phone calls during his initial placement in phase I, which later was modified to fifteen minutes per month. And when he was in phase III 30 minutes once a week. This is in comparison to the unlimited number of calls permitted in general population.

14 of 31

SCANNED AT STATEVILLE CC and E-mailed
——————— by ——————— pages
date          initials    No.

18) All of mckinley property (food, adequate clothing and Audio visual) was confiscated from him during phase one placement in which mckinley was not allowed any until he was put in phase two.

19) During mckinley placement in menard Extreme Isolation Administrative detention program such long term confinement caused him to develope anxiety which caused him painful uneasiness of the mind. which has caused mckinley to have abnormal blood pressure, and fear. mckinley suffered numerous of nights from lack of sleep which effected his daily activities. mckinley develope a state of paranoia. mckinley weight has gone up and down constantly. mckinley experienced physical, mental, and emotional state of deterioration in his long term extreme Isolation confinement that lasted 1,096 or more days.

20) overall, mckinley has spent over three years in extreme Isolation while at menard correctional center. He has suffered both mentally and physically as a result of his time in extreme isolation with little to no human contact. Specifically, mckinley continues to suffer from anger, paranoia and anxiety. mckinley feels as though he has been permanently damaged from his experience in extreme isolation.

21) As a result of the above stated actions, polices and customs authorized and maintained by defendants' michael Atchison, Richard Harrington, kimberly Butler, Joshua Schoenbeck, michael Hof, Rebecca Creason, Betsy Spiller, Cameron Watson, Jared phillips, Kevin Reichert, Alex Jones, Frank Lawerance, Jeanatte Cowan, Byran Kuder, Shelly Franklin, mckinley suffered and continued to suffer extreme Isolation, a significant and atypical hard ship without due process of law in violation of the fourteenth Amendment's due process clause.

22) The ordinary incidents of prison life include multiple oppurtunities for meaningful social interaction with other people, multiple sensory inputs from a wide variety of sources, a large number of social interactions with prisoners and staff, and the chance to pursue life goals. Specifically, the ordinary incidents of prison life include

access to educational programs, vocational training, and religious services, regular opportunities for recreation, including both indoor and outdoor facilities, with large group of prisoners, recreation equipment such as weights, basketballs, hand balls court, etc; several hours a day of congregate activities including access to a gym room for recreation, and able to walk to the dining hall for lunch and dinner; access to telephones most days; and an opportunity for contact visits with family and friends.

23) Defendants michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, michael Hof, Rebecca Creason, Betsy Spiller, Cameron Watson, Jared phillips, Kevin Reichert, Alex Jones, Frank Lawerance, Jeanette Cowan, Bryan Kuder, and Shelly Franklin deprived mckinley of a liberty interest without due process of law by denying him initially from october 25,2012 to July 2014 meaningful notice of the potential charges against him that placed him in Administrative detention, and from July 2014 to october 2015 defendants' denied adequate and meaningful review hearings every 90 days to Adjudicate and/or determine mckinley guilt or innocense. Whereas, sham review based on unfounded, unreliable and stale Justifications happen. As well as, subsequent reviews of his long term and indefinite extreme Isolation.

24) mckinley asserts that the above stated deprivations were continous under an indefinite status of extreme Isolation, from his initial placement in october 25,2012 up to and including october 27, 2015 upon his release from administrative detention. The Incorporated above stated deprivations was frequent and severe between october 25, 2012 and october 27, 2015.

25) mckinley is sueing defendants' michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, Betsy Spiller, Rebecca Creason, michael Hof, Cameron watson, Jared phillips, Kevin Reichert, Alex Jones, Frank Lawerance, Jeanette cowan, Bryan Kuder, Shelly Franklin in their individual capacities. mckinley is seeking nominal damages, compensatory damages, presumed damages, punitive damages, Declaratory Judgement, Attorney fees and cost.

## PRAYER FOR RELIEF

Wherefore, plaintiff, mckinley request that the court grant the following relief:

A. Nominal damages jointly and/or severally against all defendants.

B. Presumed damages jointly and/or severally against all defendants.

C. Compensatory damages jointly and/or severally against all defendants.

D. Punitive damages jointly and/or severally against all defendants.

E. Award mckinley attorney fees and cost pursuant to 42 U.S.C. Section 1988.

F. Declare that defendants' acts and omissions violated mckinley rights under the fourteenth Amendments to the United States constitution.

G. Expungement of all Administrative detention placement documents regarding mckinley, from mckinley institutional Inmate master file.

H. Any other relief the court deem Just and proper.


## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. 1746, I declare, under penalty of perjury that I am the plaintiff in this action, that I have read the above count, and that the information contained therein is true and correct to the best of my knowledge.


DATE: July 5, 2017

Respectfully Submitted,
s\ Benard mckinley
Benard mckinley #R33033
Stateville Correctional center
P.O. Box 112
Joliet, Illinois. 60434

# Supporting Facts, And Memorandum OF LAW

<u>COUNT TWO</u>: First Amendment Retaliation claim Against Defendants' Michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, <u>Michael Hof</u>, Rebecca Creason, <u>Cameron Watson</u>, Betsy Spiller, Jared <u>Bryan Kuder</u>, <u>Shelly Franklin</u> for holding <u>McKinley</u> in Administrative detention at menard for 1,096 or more days in 2012-15 because he exercise free speech by Saying he lacked Knowledge to menard Internal Affair and Intelligence officers questions during their Interrogatories, and Refusal to become an Informat.

1). On or about July 18, 2012 McKinley WAS called to Internal affairs and Intelligence officers office at menard, and questioned about things McKinley had no personal Knowledge of. Officers than told McKinley to give them some Information to go off of. McKinley responded by telling said officers he had no Knowledge of the questions they WAS ASKING. McKinley WAS then sent back to his cell house.

2). on or about July 25, 2012 McKinley WAS taken from his Job assignment and placed under Investigation Confinement Segregation.

3). on or about August 2, 2012 McKinley while under Investigation Confinement WAS called again to menard Intelligence, and Internal affairs office where he was questioned about the Same things the First interrogation consisted of. McKinley again stated he had no Knowledge. After McKinley told such officers he had no Knowledge to the questions. these Same officers told McKinley they could be his best friend or worse night mare, and that McKinley better give them some Information to go off of. McKinley responded by saying he did not have any Knowledge of the things he WAS being asked. McKinley WAS then told he would be losing his Job.

4). on or about August 6, 2012 McKinley WAS released from Investigative Confinement with his Job Assignment taken away from him.

5). on or about August 24, 2012 McKinley WAS again placed in Investigative Segregation. McKinley WAS told by Internal affair officers that for inmates Who do not give them Information they wanted, that they could, and would put such inmates under Segregative Confinement whenever they wanted, and how often they wanted. McKinley stated he had no Knowledge of the things he was being asked.

mckinley was kept under such confinement status for thirty four days, and released from segregation status on or about September 26, 2012.

6) On or about October 16, 2012 mckinley was again called to Intelligence and Internal affair office for yet another Interrogation. At that point mckinley made it clear that he was being harrassed and retalicted against for unjust reasons other than Intelligence and Internal Affair officers trying to force him to become an Informant in regards to Information he had no knowledge of. mckinley was then told he better just tell them whatever they wanted to know. mckinley told such officers he did not know anything, and that was the truth. mckinley was taken back to his cell.

7) On or about October 25, 2012 Internal affairs, and Intelligence officers at menard recommended mckinley be placed in Administrative detention in retaliation for mckinley saying he lacked knowledge to their questions, and later mckinley refusal to become their Informant, which was Facilitated by then warden micheal P. Atchinson when he approved and directly placed mckinley in Administrative detention segregation on october 25, 2012, thus carrying out and participating in menard Intelligence and Internal affairs retalitory actions against mckinley.

8) When mckinley confronted then warden micheal Atchinson while he was in Administrative detention, mckinley complained that this placement was based on retalitory motives. Then Warden Atchinson replied that no matter why my Intelligence officers wanted you in Administrative detention I put you in it, and I will not go against my officers request.

9) From october 25, 2012 to July 2014 mckinley had no way of Challenging his placement in administrative detention. All grievances mckinley Filed between that time frame challenging the basis of his confinement was held non-grievable by the Administration, because such placement was being labeled an administrative decision by then Warden Atchinson, kimberly Butler, and Richard Harrington.

SCANNED AT STATEVILLE CC and E-mailed

_____  by  _____  _____ pages
date       initials   No.

10). From october 25, 2012 to october 27, 2015, then wardens Michael atchison, Richard Harrington, and Kimberly Butler directly continued mckinley placement ten times or more, to help Facilitate by approving the retaliatory actions via Administrative detention against mckinley continuing his placement based on the retaliatory motives of their Internal Affair and Intelligence officers, for mckinley saying he lacked knowledge to the questions ask of him, and his refusal to become an informant during July 2012 and october 2012.

11). From July 2014 to october 2015 menard Administrative detention committee members Besty spiller, Michael Hof, Rebecca creason, Joshua Schoenbeck, Cameron Watson, Jared Phillips, Keven Reichert, Alex Jones, Frank Lawerance, Bryan Kuder, Jeanette Cowan, Shelly Franklin continue to help conspire to Facilitate every ninety days the approval of the retaliitory actions against mckinley via recommended continued placement in menard Administrative detention, for mckinley lack of Knowledge to the questions menard Intelligence and Internal affair officers asked, and his refusal to become an informant to then warden Kimberly Butler who approved such actions.

12) on, or about July 2014 during mckinley Administrative detention review hearing mckinley spoke to the Administrative committee face to face to them that his continued placement in Administrative detention is based on retaliitory motives by menard Intelligence and Internal Affair officers for him telling these officers he lacked the knowledge to the questions they asked, and his refusal to become an informant that was being Facilitated by the Administrative detention committee members, and warden. mckinley was told by the Administrative detention review committee collectively that even if that was the case we still do not believe you are ready for release yet. mckinley Administrative detention placement was continued at least Four more times After that by these Administrative detention committee members: Bestsy spiller, Michael Hof, Rebecca creason, cameron watson, Jared phillips, Joshua Schoenbeck, Frank Lawerance, Alex Jones, Jeanette Lowan, Kevlen Reichert, Bryan Kuder, Shelly Franklin.

13) Menard Internal affair and Intelligence OFFICER motives for recommending McKinley to be placed in Menard Administrative detention was because McKinley told these OFFICERS he lacked Knowledge to the questions they asked. Which McKinley contends was the truth, and that McKinley refused to become their informant. In order For McKinley to be put in Administrative detention based on the Intelligence and Internal affair OFFICERS recommendation, that was based on retaltory motives Warden micheal Atchinson had to help Facilitate it by approving their recommendation, and then directly placing McKinley in Administrative detention himself. In which Warden Atchinson did, and continue McKinley placement until he was not Menard Warden anymore.

14) In order For McKinley to be continuely placed in Administrative detention every 90 days, then Wardens micheal Atchinson, Richard Harrington, and Kimberly Butler had to continuely help Facilitate via direct Approval McKinley continued placement. In which then Wardens Kimberly Butler, micheal Atchinson and Richard Harrington directly did, continueing McKinley placement over ten times from october 25, 2012 to october 27, 2015. Whereas, without the help and direct approval from then Wardens McKinley would not have been initially, and continueing placed in Menard Administrative detention for 1,096 or more days, In retaliation for McKinley exercising his First Amendment right to free Speech, and Fifth Amendment right to not be compelled to give testimony.

15) Menard Internal affair and Intelligence OFFICERS would not have been able to carry out their retaltory action via First recommending placing McKinley in administrative detention, if it was not For the Facilitation and direct participation, and orders oF then Warden micheal Atchinson to make it happen, which showed an collaborative retaltory effect by Menard's Administration against McKinley.

16) From January 2013 to october 2015 Menard Internal Affair and Intelligence OFFICERS would not have been able to carry out the retaltory action via Intelligence McKinley continued placement in Administrative detention for 1,096 days or more if not For the Facilitation and direct participation and orders of then Wardens Kimberly Butler, and Richard Harrington decisions to continue McKinley placement. Which showed an collaborative effect in order to continue the retaltory actions against McKinley for him exercising his First Amendment right to Free Speech, and Fifth Amendment to not compel testimony.

SCANNED AT STATEVILLE CC and E-mailed

_____ by _____ pages
date        initials

17) menard Internal affair and Intelligence officers would not have been able to exercise their retaliatory actions against mckinley via recommending continued placement in administrative detention For 1,096 days or more, if it was not for the direct help, and Recommendation to then wardens from the Administrative detention Committee members: Rebecca creason, Michael HoF, Joshua Schoenbeck, Cameron Watson, Besty Spiller, Jared Phillips, Alex Jones, Kevin Reichert, Jeanette COWAN, Bryan Kuder, Frank Lawerance and Shelly Franklin to help make it happen. In which Showed a collaborative effect on all parts of the above named defendants.

18) mckinley had a protected right to Freedom of Speech in telling menard Intelligence and Internal affair officers he lacked the knowledge to the questions they was asking him. In which mckinley asserts was the truth. Activity protected by the First Amendment.

19) The Fact mckinley was placed in administrative detention he Suffered a deprivation that would likely deter First Amendment activity in the future. During this placement mckinley was extremely isolated from all general Population inmates. All his privileges was restricted. Whenever he had to be taken out his cell he was Forced to give a full naked Strip Search, hand cuffed and at times leg Shackled. He was denied all contact visits while placed in Administrative detention. Mckinley number of visits and duration of his visits was Severely restricted compared to general population inmates. mckinley was forced to eat all meals in his cell. In contrast to general population inmates being able to walk to a dining hall to eat their meals. mckinley was forced to have law Library Service in his cell at all times. mckinley was general population inmates being able to walk to a library hall and have a wide variety of law books to research material in. which mckinley did not. mckinley Subjected to a Small "barren" Segregation cage for recreation that had concrete ground. In contrast to general population yard having grass, Handball court, weight lifting bars, telephone booths. The Amount of phone calls mckinley was able to make was Serverly restricted. In contrast to general population ability to make how many calls they wanted to make when they was on the yard or when the phones was delivered to the cells.

20) McKinley First Amendment activity was at least a motivating factor in defendant Michael Atchison decision to place McKinley initially in menard Administrative detention. Facilitating and directly helping carry out menard Intelligence and Internal affair OFFicers retalitory actions against McKinley, In which would not have had the power to do alone, Defendants Richard Harrington and Kimberly Butler decision to help continuing facilitating McKinley Administrative detention placement every ninety days in directly helping carry out menard Intelligence and Internal Affairs OFFicers retalitory actions against McKinley that they did not have the power or Authority to do alone.

21) McKinley First Amendment Activity was at least a motivating factor by defendants: Michael Hof, Joshua Schoenbeck, Rebecca Creason, Betsy Spiller, Cameron Watson, Jared phillips, Alex Jones, Keven Reichert, Bryan Kuder, Frank Lawerance, Jeanette cowan, and Shelly Franklin in directly helping Internal affair and Intelligence OFFicers carry out retalitory actions against McKinley via helping recommend that McKinley be continuely placed in menard Administrative detention over Five times to then warden Kimberly Butler. In which she approved everytime from July 2014 to october 2015, In retaliation for McKinley exercising his First Amendment right to Free Speech via truthfully telling these OFFicers he lacked the knowledge to the questions he was asked, and his later refusal to become their Informant, thus trying to compel testimony protected by the FIFth Amendment of the U.S. Constitution.

22) McKinley complained to each one OF these named above defendants that willingly helped, gave the order, and participated in carrying out menard Intelligence and Internal Affair OFFicers Retalitory Actions that they would not have had the power or Authority to do alone, not once, but at least ten Seperate times straight, from october 2012 to october 2015. Defendants who directly participate in constitutional violations may be held liable for their own Actions. (See) MARTIN V. LANE 766 F. Supp. 641, 649-50 (N.D. Ill. 1991)

23 OF 31

23) Mckinley Assert he had a right to refuse becoming an Informant against his will in exercising of his fifth Amendment right to the united States constitution. The Fact Mckinley Refused to become menard Intelligence and Internal affair officers Informant, he was not supposed to be placed in Administrative detention in retaliation for exercising that right, along with his First Amendment rights Initially by warden michael atchison, and then continuedly placed by warden Richard Harrington, and Kimberly Butler numerous of times in helping carry out Internal affairs and Intelligence officers retalitory actions that they did not have the power or Authority to do alone. Whereas, government officials has no right to compel testimony that over ride the 5th Amendment of the united States constitution.

24) Mckinley is Suing defendants michael Atchison, Richard Harrington, Kimberly Butler, Joshua Schoenbeck, Betsy Spiller, Rebecca Creason, Michael Hof, Cameron Watson, Jared phillips, Alex Jones, Kevin Reichert, Frank Lawerance, Jeanette cowan, Shelly Franklin, and Bryan Kuder, in their individual Capacities. Mckinley is Seeking nominal damages, Compensatory damages, presumed damages, punitive damages, declaratory Judgement, attorney fees, and cost.

## Prayer For Relief

wherefore, plaintiff, mckinley request that the court grant the following relief:

A. Nominal damages jointly and/or Severally against all defendants

B. Presumed damages jointly and/or Severally against all defendants

C. Compensatory damages jointly and/or Severally against all defendants

D. Punitive damages jointly and/or Severally against all defendants

E. Award plaintiff attorney fees, and cost pursuant to 42 U.S.C. Section 1988

F. Declare that defendants acts violated plaintiff rights under the First, and Fifth amendments to the united States constitution.

G. Expungement of all Administrative detention placement documents regarding mckinley, from mckinley Institutional Inmate master File.

H. Any other relief the court deem Just and proper.


## Declaration under Penalty of Perjury

pursuant to 28 U.S.C. 1746, I declare, under penalty of perjury, that I am the plaintiff in this Action, that I have read the above count, and that the information contained therein is true and correct to the best of my knowledge.

Respectfully Submitted

By  *Benard mckinley*

BENARD MCKINLEY #R30033
Stateville correctional center
P.O. Box 112
Joliet, Illinois. 60434

DATE: July 5, 2017

## Supporting FACTS, AND MEMORANDUM OF LAW

COUNT THREE: Eighth Amendment claim against Defendants' Michael Atchison, Richard Harrington, Kimberly Butler, Cameron Watson, Besty Spiller, Rebecca Creason, Michael Hof, Jared Phillips, Kevin Reichert, Alex Jones, Frank Lawerence, Jeanette Cowan, Bryan Kuder, and Shelly Franklin for subjecting McKinley to unconditional conditions of confinement in Administrative detention at Menard for 1,096 or more days in 2012-15.

1). On or about October 25, 2012 McKinley was transfered from general population at Menard Correctional Center to Menard Administrative detention housing unit in North Two Segregation.

2). When McKinley was confined in the Administrative detention cell he did not have hot water in his cell.

3). When McKinley was confined in the Administrative detention cell he did not have heat in his cell.

4). When McKinley was confined in the Administrative detention cell he was initially refused and type of cleaning supplies to help keep his cell sanitary, and then was only given extremely water-down disinfectant that did not help clean his adequately.

5). When McKinley was confined in the Administrative detention cell he exprienced Rodent infestation. Where massive amounts of mice would come in and out his cell leaving feceses and urine that McKinley was unable to clean up without the neccessary cleaning supplies.

6). When McKinley was confined in the Administrative detention cell he was subjected to Illuminating light in his cell at all hours of the night, where McKinley did not have the ability to turn off the light himself because the light switch was outside his cell. The Fact that this light at times stayed on all hours of the night deprive McKinley of being able to go to sleep. Causing McKinley to experience sleep deprivation that effected his daily activities.

7) While McKinley was confined in Administrative detention he was put in a cell that had a broken window that would not close completely allowing the winter and spring months Temperatures to come inside

McKinley cell at all times of the day, and nights. McKinley was unable to sleep at night at times because of the severity of the cold temperatures that came through his window. McKinley experience sleep deprivation that also effected his daily activities. These temperatures through the day time also effected McKinley daily activities. Majority of the time through these winter and spring months the temperatures that McKinley experienced because he was in a cell that had a broken window, causing McKinley to endure extreme coldness.

8) The fact McKinley was confined in a cell with no hot water, McKinley was forced to wash up in cold water causing McKinley to catch head colds, giving McKinley migranes that effected his daily activities.

9) The fact McKinley was confined in a cell with no cleaning supplies that allowed him to not be able to mop or sweep his cell of dust and dirt that also had a broken ventilation system caused McKinley Asthma to act up, where he experienced an asthma attack in December 2012. These conditions caused McKinley to have to use his asthma medication more often than prescribed.

10) During McKinley Administrative detention confinement between October 2012 and October 2015 at Menard he was confined in an Extreme Isolation unit. McKinley was confined behind a steel solid box door with only a small chuck hole to recieve his food tray, and a small narrow window so officers could look in during their daily rounds. McKinley was deprive of sensory stimuli. All human contract was almost nonexistant. McKinley was confined in these Administrative detention cells that was locked not only with the initial door lock but was also locked with a huge pad lock that officers modified onto the door. Officers would have to bang very hard in order to even unlock the pad lock because it was stuck, in order for McKinley to leave his cell. Three locks total was used on McKinley cell door to confine him in. McKinley was put in hand cuffs and feet shackles that often was so tight on his ankles it cut through his skin as he walked.

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ pages
date          initials      No.

11) During mckinley confinement In menard Administrative detention Cell he exprience physical Injuries Such as head cold, at times abnormal blood pressure conditions with frequent weight fluctuations and problems with his preexisting asthma condition. mckinley Suffered from emotional, psychological harm In the form of fear, Anger, paranoia, depression, and anxiety from his Extreme Isolation. which also effected mckinley Appetite and ability to Sleep at times. mckinley feels As though he has been permanently scarred from his experience In extreme Isolation, along with the other unsavory conditions of confinement he endured. Before mckinley could leave his cell he had to be strip naked and searched for an Extended period of time even when mekinley cell was extremely cold because of the winter and spring temperture that came through his broken window. At time Ice formed Inside his cell around the window Frame.

12) During the months of october, November and December 2012 mckinley complained to then warden micheal Atchinson Face to Face about his above Stated conditions of confinement, and that It was effected his health. Then warden micheal Atchinson Ignored and Refused to take any Steps to help mckinley about his conditions of confinement that was Indeed effecting his health.

13) From January 2013 to April 2014 mekinley complained numerous of times to then warden Richard Harrington Face to Face when ever warden Harrington came on to the Administrative detention housing unit of the Stated above conditions of confinement, and how It was effecting his health. Then warden Harrington often ignored mekinley complaints, refusing to take any Steps to help abate the unconstitutional conditions of confinement. once telling mekinley after mekinley complain to him that it sounds like a person problem, then walking off the housing unit.

14) From April 2014 to october 2015 mekinley complained numerous of times to then warden Kimberly Butler face to face when ever warden Butler came on to the Administrative detention housing unit of his Stated above conditions of confinement, and how It was effecting his health. warden Butler often ignored mekinley Face to Face complaints refusing to do anything to help abate the problem, whereas a few times she told mekinley shes to busy right now to give attention to what he needed.

SCANNED AT STATEVILLE CC and E-mailed
_____ by _____ _____ pages
date        initials      No.

15) From November 2012 to October 2015 McKinley complain numerous of times to Officer Jared Phillips face to face whenever he came onto the Administrative detention housing unit to conduct his daily rounds of his stated above conditions of confinement, and how it was effecting his health. Officer Phillips refused to take reasonable steps to help abate the problem McKinley faced, once telling McKinley what you want me to do, that above my pay grade, walking away from McKinley cell and off the Housing Unit doing absolutely nothing to help McKinley.

16) From July 2014 to October 2015 McKinley complained numerous of times via face to face interactions, and via a declaration statement he referred to every time his 90 day hearings review came to the listed Administrative detention committee members, Michael Hof, Rebecca Creason, Betsy Spiller, Cameron Watson, Kevin Reichert, Alex Jones, Bryan Kuder, Frank Lawerance, Jeanette Cowan, and Shelly Franklin during McKinley every 90 day Administrative detention review hearing of the stated above conditions of confinement, and how it was effecting his health. The listed Administrative detention committee members Michael Hof, Betsy Spiller, Cameron Watson, Kevin Reichert, Alex Jones, Frank Lawerance, Jeanette Cowan, Bryan Kuder, and Shelly Franklin, all refused through the lack of action to take reasonable steps to help abate the problem McKinley endured.

17) Extreme Isolation causes many prisoners to experience serious psychological and neurological harms, which result in, among other things, loss of impulse control, depersonalization, and rage. These adverse effects may cause the prisoner to engage in atypical acts the IDOC staff will respond to with additional extreme Isolation sanctions; Extreme Isolation also causes severe depression and lethargy in many prisoners. Effects which may subject prisoners to additional extreme Isolation sanction for failing to promptly obey orders.

18). The name defendants have deprived McKinley of the minimal civilized measure of life's necessities. The cumulative efforts of extreme Isolation in cramp cells, without meaningful access to human contact and

Physical acitvity, and the unsavory conditions of mckinley confinement constitutes a serlous deprivation of basis human needs. The Extreme prolonged deprivation of these basic needs is currently imposing and will continue to impose serlous pyschological and physical pain and suffering, and permanent psychological and physical injury on <u>mckinley</u>. The named defendants' have been deliberately indifferent to this pain and suffering caused by Extreme Isolation and other unsavory conditions of <u>mckinley</u> human dignity and his right to be Free from cruel and unusual punishment under the eight Amendment to the united States constitution.

19) - <u>mckinley</u> is suing each named defendant Richard Harrington, michael Atchison, Kimberly Butler, <u>michael Hof</u>, <u>cameron watson</u>, Betsy Spiller, Jared phillips, Rebecca creason, <u>Kevlen Reichert</u>, <u>Alex Jones</u>, <u>Frank Lawerance</u>, <u>Bryan Kuder</u>, <u>Jeanette cowan</u>, and <u>Stelly Franklin</u> in their Individual capacity. <u>mckinley</u> is seeking nominal damages, compensatory damages, punitive damages, Declaratory Judgement, Attorney fees, and cost remedying these constitutional violations.

## PRAYER FOR RELIEF

wherefore, plaintiff, mckinley request that the court grant the following relief:

A. Nominal damages jointly and lor severally against all defendants

B. compensatory damages jointly and lor severally against all defenda

C. punitive damages jointly and lor severally against all defendents

D. awarded plaintiff attorney fees and cost pursuant 42 U.S.C. Section 1988

E. Declare that defendants' acts and omissions violated mckinley rights under the eight Amendment to the united states constitution.

F. Any other Relief the court deem just and proper.


## DECLARATION UNDER PENALTY OF PERJURY

pursuant to 28 U.S.C. 1746, I declare, under penalty of perjury, that I am the plaintiff in this Action, that I have read the above count, and that the information contained therein is true and correct to the best of my knowledge.



Respectfully submitted,

Benard mckinley

BENARD Mckinley #R30033
Stateville correctional center
   P.o. Box 112
Joliet, Illinois. 60434

DATE: July 5, 2017