IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENARD MCKINLEY, #R-30033, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) No. 16-cv-00661-MJR-SCW |
| MICHAEL ATCHISON, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT LAWRENCE'S RESPONSES TO
PLAINTIFF'S REQUEST FOR ADMISSIONS**

The Defendant, FRANK LAWRENCE, by and through his attorney, LISA MADIGAN, Attorney General of the State of Illinois, provides the following responses to Plaintiff's requests for admissions [d/e 155] pursuant to Federal Rule 36:

1. I Frank Lawrence as Assistance Warden of Programs, and member of Menard Administrative Detention Committee admit I did periodically tour North two annex building as a routine matter between October 25, 2012, and October 2015 to observe and address any issues with inmates, to the extent I was able to.

**ANSWER: Defendant denies periodically touring the North 2 Cellhouse to observe and address issues with inmates, or for any reason, between October 25, 2012 and October 2015, as he was not employed as the Assistant Warden of Programs during that time period and would not periodically tour the facility until he took that position.**

2. I Frank Lawrence admit that when McKinley was initally placed in administrative dention at Menard Correctional Center on October 25, 2012 McKinley did not receive a notice of why he was being placed in the program.

**ANSWER: Defendant admits Plaintiff did not receive a notice of why he was placed in Administrative Detention prior to his placement on October 25, 2012.**

3. I Frank Lawrence admit that Menard Correctional Center Internal Affairs and Intelligence officers has influence in whether or not a inmate is placed in the Administrative detention program.

**ANSWER: Defendant objects to the above request as vague and ambiguous as to the terms "influence" and "is placed" as the term may be used with specific meanings that are not expressed in the request. Subject to that objection, Defendant denies any involvement in inmates' initial placement in Administrative Detention at any time, but admits Internal Affairs and Intelligence officers provide information to the Warden prior to an inmate's**

1

placement in Administrative Detention. Defendant further admits, that while not involved in Plaintiff's initial placement in Administrative Detention and could not opine as to its basis, while present in the Administrative Detention Committee he would review information provided by the Internal Affairs or Intelligence Units while present. Defendant lacks knowledge or information sufficient to respond to any remaining assertions of the above request, having made reasonable inquiry and the information Defendant knows or can readily obtain is insufficient to enable him to admit or deny.

4. I Frank Lawrence admit that McKinley was not afforded due process protection before McKinley was placed in menard Administrative detention program on October 25, 2012.

**ANSWER: Defendant denies Plaintiff's rights were violated by his placement in the Administrative Detention program. Defendant lacks knowledge or information sufficient to respond to any remaining assertions of the above request, having made reasonable inquiry and the information Defendant knows or can readily obtain is insufficient to enable him to admit or deny.**

5. I Frank Lawrence admit I did not read McKinley letters he wrote in his defense to his placement, to the Administrative detention placement review committee members when McKinley's continued placement was up for review between October 25, 2012 and October 2015.

**ANSWER: Defendant denies that he did not review Plaintiff's statements submitted in advance of a review hearing to the Administrative Detention Review Committee during the pertinent meeting.**

6. I Frank Lawrence Admit that when I tour Menard correctional center North two Annex building C-wing unit between October 25, 2012 and October 2015 that housed Menard Administrative detention inmates it is possible that McKinley complain to me that his cell did not have Hot water.

**ANSWER: Defendant denies periodically touring the North 2 Cellhouse to observe and address issues with inmates, or for any reason, between October 25, 2012 and October 2015, and denies any recollection of Plaintiff complaining to him.**

7. I Frank Lawrence Admit that when I toured Menard Correctional Center north two Annex building C-wing unit between October 25, 2012 and October 2015 that housed Menard Administrative detention inmates it is possible that McKinley complain to me that his cell did not have Heat during the winter and spring seasons.

**ANSWER: Defendant denies periodically touring the North 2 Cellhouse to observe and address issues with inmates, or for any reason, between October 25, 2012 and October 2015, and denies any recollection of Plaintiff complaining to him.**

8. I Frank Lawrence Admit that when I toured Menard Correctional Center north two Annex building C-wing unit between October 25, 2012 and October 2015 that housed Menard Administrative detention inmates it is possible that McKinley complain to me that his cell had mice in it.

**ANSWER: Defendant denies periodically touring the North 2 Cellhouse to observe and address issues with inmates, or for any reason, between October 25, 2012 and October 2015, and denies any recollection of Plaintiff complaining to him.**

9. I Frank Lawrence Admit that it is mandatory that all Menard Correctional Center employees abide by Illinois Department of Corrections Institutional Rules, Regulations, Policies, and protocols when dealing with inmates confined to that Institution.

**ANSWER: Defendant admits Menard Correctional Center staff are required to adhere to facility rules while interacting with inmates.**

10. I Frank Lawrence Admit that the evidence that caused McKinley to be initially placed, and continually placed in Menard Correctional Center Administrative program from October 25, 2012 to October 2015 was not based on reliable or credible sources.

**ANSWER: Defendant denies the assertions of the above request.**

          Respectfully submitted,

          FRANK LAWRENCE,

          Defendant,

          LISA MADIGAN, Attorney General,

Max Boose, #6320334     State of Illinois
Assistant Attorney General
500 South Second Street     Attorney for Defendants,
Springfield, Illinois 62701
(217) 557-0261 Phone     By: s/ Max Boose
(217) 524-5091 Fax     MAX BOOSE
Email: mboose@atg.state.il.us     Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| BENARD MCKINLEY, #R-30033, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 16-cv-00661-MJR-SCW |
| ) | |
| MICHAEL ATCHISON, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2018, the foregoing *Defendant Lawrence's Responses to Plaintiff's Request for Admissions* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Benard McKinley, R30033
Stateville Correctional Center
Inmate Mail/Parcel
Route 53, PO Box 112
Joliet, IL 60434

Respectfully submitted,

s/ Max Boose
Max Boose, #6320334
Assistant Attorney General
General Law Bureau
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0261 Phone
(217) 524-5091 Fax

4