**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BENARD MCKINLEY, #R-30033, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 16-cv-00661-MJR-SCW |
| ) | |
| MICHAEL ATCHISON, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT HOF'S RESPONSES TO
PLAINTIFF'S REQUEST FOR ADMISSIONS**

The Defendant, MICHAEL HOF, by and through his attorney, LISA MADIGAN, Attorney General of the State of Illinois, provides the following responses to Plaintiff's requests for admissions pursuant to Federal Rule 36:

1. I micheal Hof Admit between 2012 and 2015 I was an intelligence officer at menard Correctional Center which involved monitoring and recording Security threat group or gang activity throughout the institution as a whole.

**ANSWER: Defendant admits he was employed as a Correctional Officer employed in the Intelligence Unit at Menard Correctional Center between 2013 and 2015. Defendant admits as a Correctional Officer assigned to the Intelligence Unit, he monitored and recorded Security Threat Group activity throughout the institution. Defendant denies the remaining assertions of the above request.**

2. I micheal Hof Admit during the time I was an intelligence officer I was assigned to the menard Correctional center Administrative detention committee and the Administrative detention units which involved me monitoring the Administrative detention inmates at the institution.

**ANSWER: Defendant admits while assigned to the Intelligence Unit he was assigned to Administrative Detention program, which included monitoring inmates in Administrative Detention and providing information to the Administrative Detention Review Committee.**

3. I micheal Hof Admit that I've never witnessed mckinley participating in any security threat group activity.

1

**ANSWER: Defendant admits he has not personally witnessed Plaintiff participating in Security Threat Group activity, but denies that Plaintiff did not participate in STG activity while in Administrative Detention.**

4. I micheal Hof Admit that while I was involved in monitoring the Administrative detention inmates at the menard institution mckinley was not a behavoir problem to me while he was housed in Administrative detention at menard correctional center.

**ANSWER: Defendant admits he did not categorize Plaintiff as a "behavior problem" when interacting with Plaintiff in Administrative Detention at Menard Correctional Center.**

5. I micheal Hof Admit that Illinois Department of corrections employees are to follow Institutional Rules, regulations, directives and State and Federal laws which relate to their employment in the Illinois Department of corrections.

**ANSWER: Defendant admits Menard Correctional Center staff are required to adhere to facility rules and the law while interacting with inmates.**

6. I micheal Hof Admit the allege Intelligence Supporting mckinley initial and continuing placement in menard Administrative detention program was considered credible from reliable sources.

**ANSWER: Defendant admits the intelligence supporting Plaintiff's placement in Menard Correctional Center's Administrative Detention was considered credible from reliable sources sufficient to warrant Plaintiff's placement.**

7. I micheal Hof Admit that mckinley was never issued a disciplinary ticket for any allege Security threat group activity that led to mckinley being placed in menard Administrative detention between october 25, 2012 and october 2015

**ANSWER: Defendant admits Plaintiff was not issued a disciplinary ticket for Security Threat Group activity between October 25, 2012 and October 2015.**

2

8. I micheal Hof Admit that Standard Administrative detention procedures established in April 2014 required mckinley to be given written notice of reasons why he was being placed or continually placed in menard Administrative detention prior to his placement review hearing by the menard placement hearing review committee.

**ANSWER: See separate objections. Subject to those objections, Defendant admits the Administrative Directive regarding Administrative Detention effective on May 1, 2014 states absent the Committee finding exigent circumstances, a review hearing shall be conducted within 30 days after initial placement in administrative detention, and that notice in writing of the date of the hearing and, with reasonable specificity, the Department's justification for placement at least five working days prior to that hearing. Defendant denies the remaining assertions of the above request.**

9. I micheal Hof Admit that prior to the April 2014 Admistrative directives being established for menard Administrative detention program mckinley was not afforded the oppurtunity of being notified of the reasons why he was being initially and continually placed in menard Administrative detention program.

**ANSWER: Defendant admits documents reflect Plaintiff received a Notice of Administrative Detention Placement Review on June 25, 2014, stating Plaintiff was identified as having influence amongst the Latin Folks Security Threat Group Family and next in line to take a leadership role at Menard CC, and identified as using his influence in pushing for staff assaults. Defendant denies Plaintiff would have had no awareness of the reason for his Administrative Detention placement prior to June 25, 2014.**

10. I micheal Hof Admit that mckinley has never been found guilty by menard Administration of particpating in any security threat group activity or conspiring to commit staff assaults while housed at menard correctional center.

3

**ANSWER: Defendant admits Plaintiff has not been found guilty by an adjustment committee for Security Threat Group activity or conspiring to commit staff assaults while housed at Menard Correctional Center.**

Respectfully submitted,

MICHAEL HOF,

    Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

    Attorney for Defendants,

By: s/ Max Boose
    MAX BOOSE
    Assistant Attorney General

Max Boose, #6320334
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email: mboose@atg.state.il.us

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| BENARD MCKINLEY, #R-30033, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 16-cv-00661-MJR-SCW |
| | ) |
| MICHAEL ATCHISON, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2018, the foregoing *Defendant Hof's Responses to Plaintiff's Request for Admissions* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Benard McKinley, R30033
Stateville Correctional Center
Inmate Mail/Parcel
Route 53, PO Box 112
Joliet, IL 60434

Respectfully submitted,

  s/ Max Boose
Max Boose, #6320334
Assistant Attorney General
General Law Bureau
Office of the Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 557-0261 Phone
(217) 524-5091 Fax